UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITCHIE CAPITAL MANAGEMENT, L.L.C., RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND), LIMITED, RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND) II, LIMITED, WALKERS SPV LIMITED, as trustee for Ritchie Risk-Linked Strategies Trust I and Ritchie Life Strategies Master Trust, and RITCHIE RISK-LINKED STRATEGIES TRADING, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> COVENTRY FIRST LLC, THE COVENTRY GROUP, INC., MONTGOMERY CAPITAL, INC., LST I LLC, ALAN BUERGER, CONSTANCE BUERGER, REID S. BUERGER, ANTONIO MUNIZ, ALEX SELDIN, NEAL JACOBS, EILEEN SHOVLIN, and JIM DODARO, <br><br> Defendants. | Civil Action No. 07CV3494 (DLC)(DCF) <br><br> ECF Case <br><br> **RULE 26(f) REPORT OF PARTIES** |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties hereby submit this report for consideration by the Court, following a telephone conference by counsel for the parties on June 21, 2007.

## NATURE AND BASIS OF THE PARTIES' CLAIMS AND DEFENSES

1. This case concerns the secondary market for life insurance policies in the "life settlements" industry. Plaintiffs contend that Defendants perpetrated a massive fraud in connection with Plaintiffs' purchase of life insurance policies from Defendants. Plaintiffs have alleged violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and claims of fraud, fraudulent inducement, breach of fiduciary duty, and breach of contract.

2.      Defendants dispute Plaintiffs' claims concerning a "massive fraud" involving seventeen parties (fourteen of which were not parties to the transactions at issue), and believe this lawsuit is an ordinary contract dispute based on the purchase of life insurance policies from LST I LLC by Ritchie Risk Linked Strategies (Ireland) ("Ritchie I") and Ritchie Risk Linked Strategies (Ireland) II ("Ritchie II").  Defendants have moved to dismiss all claims, and contend that Plaintiffs' attempt to expand the lawsuit to include fraud, breach of fiduciary duty, and RICO claims cannot withstand judicial scrutiny. Defendants deny Plaintiffs' allegations of wrongdoing and deny that Plaintiffs have been harmed in any way.

## SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

3.      Plaintiffs intend to take discovery relating to, among other things, the claims outlined in the Complaint, insurance policy documents, financial statements, all records of contracts, servicing agreements, payments, press releases, and related correspondence associated with these contracts and policies, as well as discussions between these parties regarding these contracts and policies, including all documents and correspondence relating to the complaints brought by the New York Attorney General and the Florida Office of Insurance Regulation against Coventry.  Defendants dispute the scope of Plaintiffs' proposed discovery.

4.      To the extent discovery is required, Defendants intend to take discovery relating to, among other things: (a) any claims that survive Defendants' motion to dismiss; (b) the formation of the contractual arrangements between LST I and Ritchie I and Ritchie II; (c) whether Plaintiffs have waived their claims by failing to comply with the notice and cure provisions contained in the parties' contracts; (d) whether Plaintiffs were damaged; (e) whether Plaintiffs' alleged damages resulted from Defendants' purported conduct as opposed to Plaintiffs' own financial mismanagement and illegal activities; (f) whether Plaintiffs failed to

mitigate their alleged damages; (g) whether Plaintiffs breached their contractual obligations by initiating suit against Defendants; (h) whether Ritchie I or Ritchie II purchased policies originated through the use of undisclosed fees or gross offers; and (i) Plaintiffs' knowledge and experience in the secondary market for life insurance policies. Plaintiffs dispute the scope of Defendants' proposed discovery.

## CHANGES TO THE TIMING OF, FORM OF, REQUIREMENTS OF, OR LIMITATIONS ON DISCOVERY

5.   At this time, the parties propose no changes to the Civil Rules or Local Rules regarding discovery, with the following exception: Plaintiffs propose that each side be permitted up to twenty-five (25) depositions, with each deposition limited to two (2) days of seven (7) hours each day. Defendants oppose the proposed modification to Federal Rule of Civil Procedure 30(a)(2)(A) at this stage of the litigation, and believe that the parties should obtain leave of court if more than ten (10) depositions are needed at a future date. Defendants also oppose Plaintiffs' proposed modification to Federal Rule of Civil Procedure 30(d)(2), and believe that all depositions should be presumptively limited to seven (7) hours.

6.   To protect privileged, confidential or sensitive commercial, financial, business or personal information, the parties have exchanged a draft Protective Order and expect to execute it shortly.

7.   In serving requests for production of documents under Federal Rule of Civil Procedure 34, the parties may request the form or forms in which electronically stored documents are to be produced. The parties propose that, wherever possible, all electronically stored documents be requested and produced in .tif or .pdf format.

**PROPOSED SCHEDULING ORDER**

8.      The parties shall file the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) no later than July 5, 2007.  The parties agree that no defendant waives available personal jurisdiction defenses by filing this report or initial disclosures pursuant to Rule 26(a)(1).

9.      The parties disagree about the commencement of discovery.  Plaintiffs propose that discovery begin on July 12, 2007.  Defendants believe that discovery should be stayed until the later of (a) the Court's decision on their pending motion to dismiss, or (b) the sale of Life Settlement Policies in bankruptcy proceedings initiated by Ritchie I and Ritchie II on June 20, 2007, in the Southern District of New York (Case No. 07-11906(BRL)). Defendants will file appropriate motions with the Court as necessary.

10.     The parties also disagree about the time required to complete discovery.  Plaintiffs propose that all fact discovery be completed within six (6) months of the commencement of discovery on July 12, 2007, or by January 11, 2008, and that all expert discovery be completed by March 11, 2008.  Defendants propose that all fact discovery be completed within eight (8) months of the commencement of discovery, and that all expert discovery be completed within two (2) months of the completion of fact discovery.

11.     Defendants further propose the following schedule: (a) that all additional parties be joined pursuant to Federal Rule of Civil Procedure 19, and pleadings amended pursuant to Rule 15, no later than one (1) month following the commencement of discovery; (b) for the party with the burden on the issue, that identification of experts and disclosures of expert testimony conforming to the requirements of Rule 26(a)(2)(B) occur simultaneously with the close of fact discovery; (c) that identification of rebuttal experts and disclosure of expert testimony

conforming to the requirements of Rule 26(a)(2)(B) take place no later than one (1) month later; (c) that any motion for summary judgment be served no later than two (2) months following the close of expert discovery, with opposition thereto served within fourteen (14) days, and any reply served within five (5) days; and (d) that the Joint Pretrial Order be filed no later than two (2) months following service of any summary judgment reply.

12.  Plaintiffs dispute the interim deadlines proposed by the Defendant.  In light of the disagreement between the parties concerning the proposed scheduling order, and until the Court sets the commencement and termination dates for discovery, Plaintiffs do not believe that it is necessary at this stage of the litigation to set interim deadlines for discovery.

Respectfully submitted,                                        Dated: July 5, 2007

| | |
|---|---|
| LAW OFFICES OF THOMAS P. PUCCIO | WILLIAMS & CONNOLLY LLP |
| | |
| Thomas P. Puccio | |
| 230 Park Avenue | |
| New York, NY 10169 | |
| Tel: (212) 883-6383 | By:___/s/_____ |
| Fax: (212) 883-6388 | Dane H. Butswinkas |
| | Robert H. Cary |
| ROBBINS, RUSSELL, ENGLERT, | Kenneth J. Brown |
| ORSECK & UNTEREINER LLP | Katherine G. Lindsey |
| | |
| | 725 Twelfth Street, N.W. |
| By:___/s/_____ | Washington, D.C. 20005 |
| Lawrence S. Robbins | (202) 434-5000 |
| Gary A. Orseck | |
| Daniel R. Walfish | *Counsel for Defendants Coventry First LLC, The Coventry Group, Inc., Montgomery Capital, Inc., LST I LLC, Alan Buerger, Constance Buerger, Reid S. Buerger, Antonio Muniz, Alex Seldin, Neal Jacobs, Eileen Shovlin, and Jim Dodaro* |
| Rachel S. Li Wai Suen | |
| | |
| 1801 K Street, N.W., Suite 411L | |
| Washington, D.C. 20006 | |
| (202) 775-4500 | |

*Counsel for Plaintiffs Ritchie Capital Management LLC, Ritchie Risk-Linked Strategies Trading (Ireland), Limited, Ritchie Risk-Linked Strategies Trading (Ireland) II, Limited, Walkers SPV Limited, and Ritchie Risk-Linked Strategies Trading, Ltd.*