| | |
|---|---|
| RITCHIE CAPITAL MANAGEMENT, L.L.C., RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND), LIMITED, RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND) II, LIMITED, WALKERS SPV LIMITED, as trustee for Ritchie Risk-Linked Strategies Trust I and Ritchie Life Strategies Master Trust, and RITCHIE RISK-LINKED STRATEGIES TRADING, LTD.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>COVENTRY FIRST LLC, THE COVENTRY GROUP, INC., MONTGOMERY CAPITAL, INC., LST I LLC, ALAN BUERGER, CONSTANCE BUERGER, REID S. BUERGER, ANTONIO MUNIZ, ALEX SELDIN, NEAL JACOBS, EILEEN SHOVLIN, and JIM DODARO,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 07CV3494 (DLC)(DCF)<br><br>ECF Case<br><br>**PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES** |

## PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES

Plaintiffs (collectively "Ritchie Capital"), pursuant to Federal Rule of Civil Procedure 26(a)(1) hereby make their Initial Disclosures. Plaintiffs reserve the right to supplement these disclosures in a timely fashion.

**A.　Witnesses**

The following is a list of each individual likely to have discoverable information that Ritchie Capital may use to support its claims, unless solely for impeachment. Ritchie Capital reserves the right to supplement this list. Ritchie Capital employees and contractors can be contacted through undersigned counsel.

1. The following individuals may have knowledge about the allegations in the Complaint.

1

Duncan Goldie-Morrison (former Ritchie Capital employee)
David Govrin (former Ritchie Capital employee)
Bud Hunt (Ritchie Capital employee)
Elliot Lem (former Ritchie Capital employee)
Tiffany Lenz (former Ritchie Capital employee)
Jeff Mulholland (former Ritchie Capital employee)
Brian Murphy (Ritchie Capital employee)
James G. Rickards (former Ritchie Capital employee)
Thane Ritchie (Ritchie Capital employee)

Alan Buerger (Coventry employee)
Reid Buerger (Coventry employee)
Constance Buerger (Coventry employee)
Jim Dodaro (Coventry employee)
Neal Jacobs (Coventry employee)
Krista Lake (Coventry employee)
Antonio Muniz (Coventry employee)
Alex Seldin (Coventry employee)
Eileen Shovlin (Coventry employee)

2. The following individuals served as counsel for Ritchie Capital in the transactions underlying the allegations in the Complaint. These persons will likely have information regarding the merits of the Complaint, the communications and negotiations relating to the underlying transactions, and the events that transpired after Plaintiffs purchased the policies from Defendants.

Maria Dantas (Leboeuf, Lamb, Greene & MacRae LLP)
Don Henderson (Leboeuf, Lamb, Greene & MacRae LLP)
Susan Marshall (Leboeuf, Lamb, Greene & MacRae LLP)
Bruce Reit (Leboeuf, Lamb, Greene & MacRae LLP)

3. The following individuals served as counsel for Coventry in the transactions underlying the allegations in the Complaint. These persons will likely have information regarding the merits of the Complaint, the communications and negotiations relating to the underlying transactions, and the events that transpired after Plaintiffs purchased policies from Defendants.

Brian Brooks (O'Melveny & Myers LLP)

Francisco Flores (O'Melveny & Myers LLP)
Dan Passage (O'Melveny & Myers LLP)

4. The following contractors hired by Ritchie Capital may have general knowledge of the transactions underlying the Complaint:

Fred Caruso
DSI
Suite 2300
70 West Madison St.
Chicago, IL 60602
312-263-4141

5. Certain persons at ABN Amro, Ernst & Young, HSBC, Lehman Brothers, US Bank and UBS may have knowledge of the purchase of insurance policies from Coventry and the planned securitization transaction.

6. Certain persons at the Moody's rating service may have general knowledge of the insurance policies that Ritchie Capital purchased from Coventry and of the planned securitization transaction.

7. Certain persons at the New York Attorney General's office and the Florida Office of Insurance Regulation may have general knowledge of the merits of the Complaint and of the allegations outlined in the Complaint.

**B.     Documents**

Ritchie Capital identifies the following categories of documents in its possession, custody, or control that it may use to support its claims. Ritchie Capital reserves the right to supplement this list. Ritchie Capital will produce the documents on a timely basis.

1. Select filings from *People of the State of New York* v. *Coventry First LLC, Montgomery Capital Inc., The Coventry Group, Inc. and Reid S. Buerger*, Case No. 404620/06 (New York Supreme Court),

2. Select filings from *In the Matter of Coventry First LLC*, Case No. 88270-06 (Florida Office of Insurance Regulation),

3. Certain emails, correspondence and notes from individuals named above as "Witnesses" pertaining to Ritchie Capital's purchase of insurance policies from Coventry and the planned securitization transaction,

4. Copies of purchase agreements, servicing and monitoring agreements, loan and other financing agreements, and other documents from Ritchie Capital relating to the purchase of insurance policies from Coventry and the planned securitization transaction,

5. Copies of pre-sale reports relating to the planned securitization transaction, and documentation from the Moody's rating service, and

6. Billing and payment records, including records of premium and service fee payments for the policies.

**C.   Damages**

Ritchie Capital has alleged that it suffered damages in an amount believed to be not less than approximately $700 million, based on, among other things, the amounts for which Plaintiffs purchased the insurance policies from Defendants, the accretion of the policies, the ongoing cost of servicing the policies, the premiums for the policies, lost opportunity costs relating to the inability to carry forward the planned securitization transaction, and reputation damages. Ritchie Capital is entitled to trebled damages pursuant to the Racketeer Influenced and Corrupt Organizations Act, compensatory damages, and punitive damages. The documentation on which Ritchie Capital relied in reaching this initial estimate is described above, under "Documents." Ritchie Capital will further refine its claim for damages as the litigation progresses.

**D.    Insurance Agreement(s)**

Ritchie Capital is not aware of any such agreement at this time. In the event that Ritchie Capital learns of such an insurance policy, Ritchie Capital will supplement this response.

Respectfully submitted,

LAW OFFICES OF THOMAS P. PUCCIO

Thomas P. Puccio (TPP-8403)
230 Park Avenue
New York, NY 10169
Tel: (212) 883-6383
Fax: (212) 883-6388


ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

By:   /s/ Lawrence S. Robbins
Lawrence S. Robbins (LR-8917)
Gary A. Orseck
Daniel R. Walfish (DW-5916)
Rachel S. Li Wai Suen (RS-1145)
1801 K Street, N.W.
Suite 411
Washington, D.C. 20006
Tel: (202) 775-4500
Fax: (202) 775-4510

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 5th day of July, 2007, I caused true and correct copies of Plaintiffs' Rule 26(a)(1) Initial Disclosures to be served electronically via the Court's ECF system on the following counsel:

Dane H. Butswinkas
Robert H. Cary
Kenneth J. Brown
Katherine G. Lindsey
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
dbutswinkas@wc.com
rcary@wc.com
kbrown@wc.com
klindsey@wc.com

*Attorneys for Defendants*

        /s/ Lawrence S. Robbins
        Lawrence S. Robbins