**EXHIBIT 5**

EXECUTION COPY

# AMENDED AND RESTATED

## SERVICING AND MONITORING AGREEMENT

by and between

**RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND), LIMITED,**
as Purchaser

and

**COVENTRY FIRST LLC,**
as Servicer

Dated as of September 8, 2005

LA1:1077799.13

Amended and Restated Servicing and Monitoring Agreement

SECTION 3.10    Appointment of Sub-Servicer. The Servicer may at any time, if and as permitted by applicable law, with the consent of the Purchaser (not to be unreasonably withheld, delayed or conditioned) subcontract any or all of its duties under this Agreement; provided that, the Servicer may, at its sole discretion, at any time, if and as permitted by applicable law, subcontract any or all of its duties under this Agreement to any of its appropriately licensed and qualified Affiliates; provided further, that no such delegation or subcontracting shall relieve the Servicer of its responsibilities with respect to such duties as to which the Servicer shall remain primarily responsible with respect thereto.

SECTION 3.11    Standard of Care. Unless otherwise expressly stated herein, the Servicer shall service the Conveyed Life Settlement Policies in accordance with its customary practices and procedures, using procedures effected in a manner substantially identical to those it would use in servicing Life Settlement Policies for other third parties and those held for its own account, including compliance with all applicable laws. Nothing in the foregoing or in any other Section of this Agreement shall be construed to prevent the Servicer from implementing new servicing programs, whether on an intermediate, pilot or permanent basis, or on a regional or nationwide basis, or from modifying its servicing standards, policies and procedures as long as, in each case, the Servicer does or would implement such programs or modify such standards, policies and procedures in respect of comparable policies serviced for other third parties and for itself in the ordinary course of business and consistent with all applicable law.

## ARTICLE IV

## SERVICING FEE AND EXPENSES

SECTION 4.01    Servicing Fees. As compensation for the performance of its obligations hereunder, the Purchaser shall cause to be paid to the Servicer the Servicing Fees and Servicer's Extraordinary Expenses described below. For so long as Coventry or an Affiliate thereof is the Servicer hereunder, such Servicer will be responsible for paying the fees of the Purchaser's Securities Intermediary and for advancing or reimbursing to the Purchaser's Securities Intermediary from its own funds any extraordinary out-of-pocket expenses incurred by the Purchaser's Securities Intermediary in the performance of its duties under the Purchaser's Securities Account Control Agreement.

Accrued and unpaid Servicing Fees shall be paid without withholding or deduction for or on account of any present or future taxes. If any such withholding or deduction is so required, the Purchaser shall make the withholding or deduction, pay the amount withheld or deducted to the appropriate authority before penalties attach thereto or interest accrues thereon and pay such additional amount as may be necessary to ensure that the net amount actually received by the Servicer free and clear of any such taxes (including

SECTION 8.15    Tax Classification. Nothing contained in this Agreement shall be deemed or construed by the parties hereto or by any third person to create the relationship of principal and agent (including dependent agent) or of a partnership or joint venture. The parties hereto agree that they will not take any action contrary to the foregoing intention and agree to report the transaction for all tax purposes consistent with the foregoing intention unless and until determined to the contrary by an applicable tax authority. The agreement in this Section 8.15 shall survive termination of this Agreement.

SECTION 8.16    Tax Consequences. Each party hereto (for purposes of this Section 8.16, each, an "Initial Party") acknowledges that no other party hereto, and in each case none of the partners, shareholders, members, owners, managers, agents, officers, employees, Affiliates, investors therein or consultants of such other party (in each case, whether direct or indirect), will be responsible or liable for the tax consequences to such Initial Party or any of such Initial Party's partners, shareholders, members, owners, managers, agents, officers, employees, Affiliates, investors or consultants (in each case, whether direct or indirect), with regard to the tax consequences of the transactions covered by this Agreement, and that such Initial Party (and each of such Initial Party's partners, shareholders, members, owners, managers, agents, officers, employees, Affiliates, investors and consultants (in each case, whether direct or indirect)) will look solely to, and rely upon, such Initial Party's own advisors with respect to such tax consequences.

*[Remainder of page intentionally left blank.]*

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective officers as of the day and year first above written.

RITCHIE RISK-LINKED STRATEGIES
TRADING (IRELAND), LIMITED,
as Purchaser

By: _____/s/ John Perham_____
Name: John Perham
Title: Chief Executive Officer


COVENTRY FIRST LLC,
as Servicer

By: _____
Name:
Title:

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective officers as of the day and year first above written.

> RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND), LIMITED,
>   as Purchaser
>
> By:_____
>   Name:
>   Title:
>
>
> COVENTRY FIRST LLC,
>   as Servicer
>
> By:_____
>   Name:
>   Title: