**EXHIBIT 9**

**Execution Copy**

RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND) II, LIMITED

RITCHIE RISK-LINKED STRATEGIES TRADING, LTD.

RITCHIE CAPITAL MANAGEMENT (BERMUDA), LTD.

SANDY RUN LTD.

COVENTRY FIRST LLC

RITCHIE RISK-LINKED STRATEGIES, L.L.C.

MONTGOMERY LIMITED

U.S. BANK NATIONAL ASSOCIATION,
*as Paying Agent and Policy Payment Agent*

and

Each holder of Subordinated Securities or Junior
Notes deemed to be a party hereto

INTERCREDITOR AGREEMENT

*December 15, 2005*

All notices and other communications given to any party hereto in accordance with the provisions of this Agreement shall be deemed to have been given on the date of receipt.

Section 7.2. *Amendments; Waivers.* No amendment or waiver of any provision of this Agreement shall in any event be effective unless the same shall be in writing and signed by the parties hereto. Each such amendment, waiver or consent shall be effective only in the specific instance and for the specific purpose for which given. A failure or delay in exercising any right, power or privilege in respect of this Agreement will not be presumed to operate as a waiver, and a single or partial exercise of any right, power or privilege will not be presumed to preclude any subsequent or further exercise of that right, power or privilege or the exercise of any other right, power or privilege.

Section 7.3. *Continuing Rights.* The provisions of this Agreement are intended solely for the purpose of defining the relative payment rights of the parties hereto. Nothing contained herein is intended to or shall impair the obligations of the Issuer to the holders of the Junior Notes, the Subordinated Securities or the other parties to the Transaction Documents; nor shall anything herein prevent any of the parties hereto from accepting any payment from the Issuer or from exercising all remedies otherwise permitted by applicable law and any agreements with the Issuer upon default by the Issuer under such agreements, subject only to the rights, if any, of the parties under this Agreement.

Section 7.4. *Successors and Assigns; Third Party Beneficiaries.* The provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. This Agreement shall not be transferred or assigned under any circumstances without the prior written consent of the parties hereto; *provided, however,* that any permitted transferee of any Junior Note or Subordinated Securities shall automatically become a party hereto without such prior written consent. Nothing in this Agreement, expressed or implied, shall be construed to confer upon any Person (other than the parties hereto and their respective successors and permitted transferees) any legal or equitable right, remedy or claim under or by reason of this Agreement.

Section 7.5. *Severability.* Any provision of this Agreement held to be invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality or unenforceability without affecting the validity, legality and enforceability of the remaining provisions hereof; and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

Section 7.6. *Binding Effect.* This Agreement shall remain in full force and effect until such time as all of the obligations under the Transaction Documents have been paid in full.

Section 7.7. *Governing Law; Consent to Jurisdiction.* THIS AGREEMENT SHALL IN ALL RESPECTS BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REFERENCE TO ITS CONFLICTS OF LAWS PROVISIONS (OTHER THAN SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW). EACH PARTY HERETO AGREES THAT ANY SUIT FOR THE ENFORCEMENT OF THIS AGREEMENT MAY BE BROUGHT IN ANY

NEW YORK STATE COURT OR ANY FEDERAL COURT, IN EITHER CASE, SITTING IN THE BOROUGH OF MANHATTAN, AND CONSENTS TO THE EXCLUSIVE JURISDICTION OF SUCH COURT AND TO SERVICE OF PROCESS IN ANY SUCH SUIT BEING MADE UPON SUCH PARTY BY MAIL AT THE ADDRESS SPECIFIED IN SECTION 6.1. EACH PARTY HERETO HEREBY WAIVES ANY OBJECTION THAT IT MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH SUIT OR ANY SUCH COURT OR THAT SUCH SUIT IS BROUGHT IN AN INCONVENIENT COURT.

Section 7.8. *Trial by Jury Waived.* Each party hereby waives, to the fullest extent permitted by law, any right to a trial by jury in respect of any litigation arising directly or indirectly out of, under or in connection with any of the Transaction Documents or any of the transactions contemplated thereunder. Each party hereto (a) certifies that no representative, agent or attorney of any party hereto has represented, expressly or otherwise, that it would not, in the event of litigation, seek to enforce the foregoing waiver and (b) acknowledges that it has been induced to enter into the Transaction Documents to which it is a party by, among other things, this waiver.

Section 7.9. *Execution in Counterparts.* This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same agreement. Delivery of an executed counterpart of a signature page of this Agreement by telecopy shall be effective as delivery of a manually executed counterpart of this Agreement.

Section 7.10. *Entire Agreement.* This Agreement constitutes the entire contract among the parties relating to the subject matter hereof and supersedes any and all previous agreements and understandings, oral or written, relating to the subject matter hereof.

Section 7.11. *No Recourse.* No recourse for or under any obligation, covenant or agreement of the parties hereto contained in this Agreement, or any other agreement, document or instrument executed in connection herewith, shall be had against any member, shareholder, officer, director, employee or agent of the parties hereto, by any proceeding, by virtue of any statute or otherwise; it being expressly agreed and understood that this Agreement is a corporate obligation of the parties hereto, and that no personal liability shall attach to or be incurred by the members, shareholders, officers, directors, employees or agents of the parties hereto, as such, or any of them under or by reason of any of the obligations, covenants or agreements of the parties hereto contained in this Agreement or implied therefrom, and that any and all personal liability for breaches of any such member, shareholder, officer, director, employee or agent of any of such obligations, covenants or agreements, either at law or in equity is hereby expressly waived by the parties hereto as a condition of and in consideration for the execution of this Agreement.

Section 7.12. *No Partnership or Joint Venture.* The parties are not entering into a partnership or joint venture, and none of the provisions of this Agreement shall be deemed to constitute a partnership or joint venture between or among the parties

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

          RITCHIE RISK-LINKED STRATEGIES TRADING
          (IRELAND) II, LIMITED

          By: *John W Perham*
              Name: JOHN PERHAM
              Title: CEO

          RITCHIE RISK-LINKED STRATEGIES TRADING, LTD.

          By: _____
              Name:
              Title:

          SANDY RUN LTD.

          By: _____
              Name:
              Title:

          RITCHIE RISK-LINKED STRATEGIES, L.L.C.

          By: _____
              Name:
              Title:

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

                      RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND) II, LIMITED

                      By: _____
                           Name:
                           Title:

                      RITCHIE RISK-LINKED STRATEGIES TRADING, LTD.

                      By: *[signature]*
                           Name: ELLIOT LEM
                           Title: DIRECTOR

SANDY RUN LTD.

                      By: _____
                           Name:
                           Title:

                      RITCHIE RISK-LINKED STRATEGIES, L.L.C.

                      By: *[signature]*
                           Name: ELLIOT LEM
                           Title: DIRECTOR

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND) II, LIMITED

By: _____
    Name:
    Title:

RITCHIE RISK-LINKED STRATEGIES TRADING, LTD.

By: _____
    Name:
    Title:

SANDY RUN, LTD.

By: _____
    Name: Reid S. Buerger
    Title:

RITCHIE RISK-LINKED STRATEGIES, L.L.C.

By: _____
    Name:
    Title:

S-1

Signature Page – Intercreditor Agreement

MONTGOMERY LIMITED

By: _____
Name: JANITA BURKE WALDRON
Title: VICE PRESIDENT

RITCHIE CAPITAL MANAGEMENT (BERMUDA), LTD.

By: _____
Name:
Title:

COVENTRY FIRST LLC

By: _____
Name:
Title:

U.S. BANK NATIONAL ASSOCIATION,
as Policy Payment Agent

By: _____
Name:
Title:

S-2

Signature Page – Intercreditor Agreement

MONTGOMERY LIMITED

By: _____
     Name:
     Title:


RITCHIE CAPITAL MANAGEMENT (BERMUDA), LTD.

By: *[signature]*
     Name: ELLIOT LEM
     Title: DIRECTOR


COVENTRY FIRST LLC

By: _____
     Name:
     Title:


U.S. BANK NATIONAL ASSOCIATION,
   as Policy Payment Agent

By: _____
     Name:
     Title:

MONTGOMERY LIMITED

By: _____
    Name:
    Title:

RITCHIE CAPITAL MANAGEMENT (BERMUDA), LTD.

By: _____
    Name:
    Title:

COVENTRY FIRST LLC

By: _____
    Name:
    Title:

U.S. BANK NATIONAL ASSOCIATION,
  as Policy Payment Agent

By: *[signature]*
    Name: Judith M. Zuzek
    Title: Assistant Vice President
S-2

Signature Page – Intercreditor Agreement

DEC-15-2005  15:47                                                                P.04/06

U.S. BANK NATIONAL ASSOCIATION,
as Paying Agent

By: _____
Name:   Judith M. Zuzek
Title:   Assistant Vice President

S-3

Signature Page – Intercreditor Agreement

DEC-15-2005  15:47                                                                P.04/06