# MEMO ENDORSED

LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DANE H. BUTSWINKAS
(202) 434-5110
dbutswinkas@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 1, 2007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/07

RECEIVED
OCT - 2 2007
CHAMBERS OF
DENISE COTE

**VIA FEDERAL EXPRESS**

The Honorable Denise L. Cote
United States District Court for the
    Southern District of New York
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl St., Room 1040
New York, NY 10007

    Re:    **Ritchie Capital Mgmt., LLC et al. v. Coventry First, LLC et al.,
              Civil Action No. 1:07-cv-03494-DLC**

Dear Judge Cote:

    In their Reply in support of Plaintiffs' Motion for Reconsideration ("Reply") (Dkt. # 62), Plaintiffs cite *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, No. 05-5129, 2007 WL 2458411 (2d Cir. Aug. 31, 2007). They assert *Merrill Lynch* is controlling authority requiring reinstatement of their fraud claims. *See* Reply at 2. Plaintiffs contend *Merrill Lynch* stands for the proposition that any alleged false statement of present fact gives rise to a fraud claim regardless of whether that statement is expressly set forth in a contract, *id.* at 2-3, and to this extent modifies, if not overrules, *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13 (2d Cir. 1996). *See id.* at 3 ("To whatever extent . . . that *Bridgestone* still applies . . ."). Plaintiffs' interpretation and application of *Merrill Lynch* to this case are incorrect. Defendants respectfully request leave to file a short sur-reply responding to this newly-identified authority.[1]

    The Southern District of New York's rules are silent concerning sur-replies. Courts in this district have observed, however, that arguments or authorities raised for the first time in a reply brief deprive the opposing party of an opportunity to be heard on the issue, unless the court permits the filing of a sur-reply. *See, e.g., Pinero v. Long Island State Veterans Home*, 375 F.

---

[1] This letter request is submitted in accordance with *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2007 WL 1989262, at *5 (Bankr. S.D.N.Y. July 9, 2007) (proper procedure for seeking leave to file sur-reply is to "submit an informal request to the judge's chambers that specifies the basis for the request, . . . the new issue to which it seeks to reply, and . . . the basis for its belief that that issue is a material one") (quotation omitted).

Hon. Denise L. Cote
October 1, 2007
Page 2

Supp. 2d 162, 164-65 (E.D.N.Y. 2005) (citing *Cantor Fitzgerald, Inc., v. Lutnick*, 313 F.3d 704, 711 n.3 (2d Cir. 2002)); *O&Y (U.S.) Financial Co. v. Chase Family Ltd. P'Ship No. 3*, No. 93 Civ. 1855 (PKL) *et al.*, 1994 WL 512532, at *3 (S.D.N.Y. Sept. 20, 1994) (sur-replies permitted when "necessary to respond to a point raised in the opposing party's reply papers"); *Pasha v. William M. Mercer Consulting, Inc.*, No. 00 Civ.8362 RWS, 2004 WL 188077, at **2-3 (S.D.N.Y. Feb. 2, 2004) (same); *In re WorldCom, Inc. Secs. Litig.*, No. 02 Civ.3146 *et al.*, 2004 WL 540450, at *6 n.3 (S.D.N.Y. Mar. 19, 2004) (Cote, J.) (same). Here, given the weight attributed to *Merrill Lynch* and the flaws in Plaintiffs' application of this case, Defendants request leave to file a short sur-reply addressing this authority.

Consistent with this District's caselaw disallowing the submission of a sur-reply until leave to file has been granted, *see Locals 302 & 612 v. Blanchard*, 2005 WL 2063852, at *5 n.8 (S.D.N.Y. Aug. 25, 2005), Defendants have not attached their proposed sur-reply to this request. Defendants will, however, promptly file their sur-reply if granted leave to do so.

Respectfully submitted,

*/s/ Dane H. Butswinkas*

Dane H. Butswinkas

cc:   Counsel of Record

*Leave to file a sur-reply is granted. It is due October 9, 2007.*

*Denise Cote*
*October 2, 2007*