UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RITCHIE CAPITAL MANAGEMENT LLC,   )
RITCHIE RISK-LINKED STRATEGIES   )
TRADING (IRELAND), LIMITED, RITCHIE   )
RISK-LINKED STRATEGIES TRADING   )
(IRELAND) II, LIMITED, WALKERS SPV   )
LIMITED, as trustee for Ritchie Risk-Linked   )  Civil Action No. 07CV3494 (DLC) (DCF)
Life Strategies Trust I and Ritchie Life Strategies   )
Master Trust, and RITCHIE RISK-LINKED   )  (ECF)
STRATEGIES TRADING, LTD.,   )
   )
               Plaintiffs,   )
   )
        v.   )
   )
COVENTRY FIRST LLC, THE COVENTRY   )
GROUP, INC., MONTGOMERY CAPITAL, INC., )
LST I LLC, ALAN BUERGER, CONSTANCE   )
BUERGER, REID S. BUERGER, ANTONIO   )
MUNIZ, ALEX SELDIN, NEAL JACOBS,   )
EILEEN SHOVLIN, and JIM DODARO,   )
   )
              Defendants.   )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
AND FOR LEAVE TO FILE THEIR PROPOSED SECOND AMENDED COMPLAINT**

WILLIAMS & CONNOLLY LLP


_____/s/_____
Katherine G. Lindsey (KL-0902)
Dane H. Butswinkas
Robert M. Cary
David A. Forkner
Kenneth J. Brown

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)
*Attorneys for Defendants*

Dated: October 9, 2007

Contrary to Plaintiffs' assertion, Defendants do have answers to Plaintiffs' reliance on *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, No. 05-5129, 2007 WL 2458411 (2d Cir. Aug. 31, 2007) ("*Merrill Lynch*"). *See* Reply in Sup. of Mot. for Reconsid. ("Reply") at 1. Plaintiffs misconstrue and misapply that decision.

## I. *MERRILL LYNCH* DOES NOT PERMIT FRAUD CLAIMS BASED ON CONTRACTUAL MISREPRESENTATIONS.

In *Merrill Lynch*, the Second Circuit held that alleged pre-contractual representations of present fact that induce the contract may give rise to a claims for fraudulent inducement under *Bridgestone/Firestone, Inc. v. Recovery Credit Servs.*, Inc., 98 F.3d 13 (2d Cir. 1996), even though they also breach contractual provisions warranting their accuracy. 2007 WL 2458411, at **10–11. The misrepresentations in *Merrill Lynch* were statements concerning the present financial condition of a business being sold, *see id.* at **1-3, 8, were made prior to the contract and induced the contract, but were not repeated in the contract.[1]

Contrary to Plaintiffs' argument, *Merrill Lynch* did not conclude that all statements of present fact are *per se* actionable in fraud. Under New York law, even present factual statements must be collateral to the parties' contract to give rise to a claim of fraud or fraudulent inducement. *See Deerfield Commc'ns Corp. v. Chesebrough-Ponds Inc.*, 68 N.Y.2d 954, 956 (1986) (Plaintiffs must establish not only "a representation of present fact," but also a representation "collateral to, but which was the inducement for[,] the contract"); *TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 91 (2d Cir. 2005) (same); *Bridgestone/Firestone,*

---

[1] The cases cited by the Second Circuit in *Merrill Lynch* likewise involved statements of present fact, made prior to the contracts that were intended to induce those contracts. *See Deerfield Commc'ns Corp.*, 68 N.Y.2d at 956 (allowing fraudulent inducement claim when defendant falsely claimed that it would not sell plaintiffs products in certain markets and the contract did not contain any geographical restrictions); *see also Bridgestone/Firestone, Inc.*, 98 F.3d at 20 (*Deerfield* involved misrepresentation of present fact that was "collateral to, but which was the inducement for the contract" and thus not duplicative of contract claim); *First Bank of Ams. v. Motor Car Funding, Inc.*, 690 N.Y.S.2d 17, 21 (N.Y. App. Div. 1999) (allowing fraudulent inducement claim when defendant made factual representations about individual loans, including quality of collateral and borrowers' credit history where representations did not duplicate contractual warranties specifying only that loans complied with certain underwriting guidelines).

*Inc.*, 98 F.3d at 20 (same).[2]

Under *Merrill Lynch*, pre-contractual representations of present fact that induce a contract satisfy this standard. *See* 2007 WL 2458411, at *10; *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 747 (2d Cir. 1979); *Great Earth Int'l. Franchising Corp. v. Milks Dev.*, 311 F. Supp. 2d 419, 429 (S.D.N.Y. 2004) ("[T]he present fact exception draws its vigor . . . from the fact that such a misrepresentation wrongfully induced the other party to enter into the contract."). But, contractual representations themselves do not. Such representations by their nature are not collateral to the contract and do not give rise to a separate claim for fraud or fraudulent inducement. *See DynCorp v. GTE Corp.*, 215 F. Supp. 2d 308, 325-26 (S.D.N.Y. 2002); *WestCom Corp. v. GTE Telecom Inc.*, NO. 01 CIV. 2352 (RO), 2001 WL 1568814, *1 (S.D.N.Y. Dec 10, 2001); *Four Finger Art Factory, Inc. v. Dinicola*, No. 99 Civ. 1259 (JGK), 2000 WL 145466, *5 (S.D.N.Y. Feb. 9, 2000); *Suzy Phillips Originals, Inc. v. Coville, Inc.*, 939 F. Supp. 1012, 1016 (E.D.N.Y. 1996), *aff'd*, 125 F.3d 845 (2d Cir. 1997); *Varo, Inc. v. Alvis PLC*, 691 N.Y.S.2d 51, 55 (N.Y. App. Div. 1999); *J.E. Morgan Knitting Mills*, 663 N.Y.S.2d at 211; *Pramco III, LLC v. Partners Trust Bank*, No. 2006/02318, 2007 WL 1118380, (N.Y. Sup. Ct. Feb 23, 2007); *see also In re Enron Corp.*, 2005 WL 356985, *11. *Cf. Jo Ann Homes*, 250 N.E.2d 214 (1969) (holding without discussion on collateral statements). That is especially true where, as here, Plaintiffs claim they were fraudulently induced to sign contracts by representations in those contract that became effective only upon execution. *See infra* discussion at § II; *see also Yenom Corp. v. 155 Wooster Street Inc.*, 805 N.Y.S.2d 304, 304-05 (N.Y. App. Div. 2005). Thus Plaintiffs are left to argue they satisfy the collateral statement requirement by alleging "pre-and post-contractual statements." Reply at 3; Mot. for Reconsid. at 6-7; Opp. to

---

[2] *See also DER Travel Servs., Inc. v. Dream Tours & Adventures, Inc.*, No. 99 Civ. 2231 (HBP), 2005 WL 2848939, at 15 (S.D.N.Y. Oct. 28, 2005); *In re Enron Corp.*, No. 04 Civ. 1496 (NRB), 2005 WL 356985, at 10 (S.D.N.Y. Feb. 15, 2005); *The Hawthorne Group, LLC v. RRE Ventures*, 776 N.Y.S.2d 273, 276 (N.Y. App. Div. 2004); *Orix Credit Alliance, Inc. v. R.E. Hable Co.*, 682 N.Y.S.2d 160, 161 (N.Y. App. Div. 1998); *J.E. Morgan Knitting Mills, Inc. v. Reeves Bros., Inc.*, 663 N.Y.S.2d 211, 211 (N.Y. App. Div. 1997); *Sandra Greer Real Estate, Inc. v. Johansen Org.*, 581 N.Y.S.2d 792, 793 (N.Y. App. Div. 1992).

Mot. to Dismiss at 16.  The MPPAs bar Plaintiffs' argument.

## II.    *MERRILL LYNCH* DOES NOT SUPPORT PLAINTIFFS' FRAUD CLAIMS BASED ON PRE- AND POST-CONTRACTUAL REPRESENTATIONS.

### A.    The Integration Clause Precludes Plaintiffs' Reliance on *Merrill Lynch*.

Plaintiffs' reliance on *Merrill Lynch* is misplaced because the contract in that case expressly warranted that Allegheny could rely on the financial statements provided by Merrill Lynch prior to the contract's execution.  *See* 2007 WL 2458411, at **7-8.  Here, by contrast, "plaintiffs expressly disclaimed reliance on the very representations they now claim were fraudulent." *Ritchie Capital Mgmt., LLC v. Coventry First, LLC*, No. 07 Civ. 3494(DLC), 2007 WL 2044656, at *8 (S.D.N.Y. July 17, 2007); MPPAs § 7.12.

### B.    The Pre-Contractual Representations Alleged By Plaintiffs Do Not Satisfy *Merrill Lynch*.

In their Reply, Plaintiffs claim §§ 3.01(a)(vi) and 3.02(b) of the draft MPPAs contain statements of present fact that give rise to independent fraudulent inducement claims under *Merrill Lynch*.  *See* Reply at 2-3 n.3 (citing SAC ¶ 55(b) & (d)); Opp. to Mot. Dismiss at 15-16, Plfs' Rev. Mot. for Reconsid. at 6 (citing Compl. ¶ 27-33, 35-39, 87).[3]  Plaintiffs are wrong.

<u>First</u>, provisions of the draft MPPAs cited by Plaintiffs are forward-looking.  The parties agreed that representations and warranties contained in § 3.01(vi) would not become effective until the Closing Date of those agreements.  *See* MPPAs at § 3.01(a) ("The Seller hereby represents and warrants to the Purchaser *as of the Closing Date and each Funding Date . . . .*") (emphasis added).  Similarly, § 3.02 of the MPPAs provides that representations under § 3.02(b) would became effective "[a]s of the Funding Date," and not prior thereto.  *Id.* § 3.02; *see also id.* § 3.02(b) ("All Life Settlement Policies the purchases of *which are being funded [on such Funding Date]* have been . . . Originated . . . in compliance with all applicable . . . laws, rules and regulations applicable to life settlement transactions. . . .") (bracketed portions in original)

---

[3]  The only other alleged pre-contractual misrepresentations of fact are opinions by individual non-attorney defendants that Coventry First "conducts itself in accordance with law" and the life insurance policies involved have "no legal taint." Compl. ¶ 27.  Besides being barred by § 7.12, these allegations do not support a fraud claim.  *See* Defs' Mot. Dismiss at 12. n.16.

(emphasis added); *see also* Compl. ¶ 34(d) (omitting bracketed portions). The "Funding Date" did not occur until Policies were transferred to Ritchie I and II following execution of the MPPAs. *See id.* (Glossary of Terms). Thus, until the MPPAs were signed and Policies were transferred, the representations contained in § 3.02(b) had no effect. As *Merrill Lynch* confirms, a promise to make a representation in the future is not a "present statement of fact" giving rise to a fraud claim. *See* 2007 WL 2458411, at *10.

Second, Plaintiffs' claimed reliance on draft contracts is not reasonable as a matter of law. *See Frutico S.A. de C.V. v. Bankers Trust Co.*, 833 F. Supp. 288, 299-300 (S.D.N.Y. 1993). The parties expressly contemplated that the representations in their draft contracts would become effective upon the MPPAs's execution, that the terms of the MPPAs would be reduced to writing, and that the writing would supersede all prior understandings. *See* MPPAs § 7.12.

### C. The Post-Contractual Representations Alleged By Plaintiffs Do Not Satisfy *Merrill Lynch*.

*Merrill Lynch* does not permit Plaintiffs to salvage their fraud claims by alleging post-contractual misrepresentations. Statements made after a contract's execution cannot induce the contract, *see O'Dell v. Ginsberg*, 677 N.Y.S.2d 583, 584 (N.Y. App. Div. 1998), and do not give rise to a separate fraud claim. *See Stewart v. Jackson & Nash*, 976 F.2d 86, 88 (2d Cir. 1992) ("[F]raudulent breach of a contract does not give rise to an action for fraud. Thus, where the only fraud charged relates to a breach of the contract and not to its inducement or making, no action for fraud is alleged.").[4]

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration should be denied.

---

[4] Plaintiffs initially alleged Coventry First's counsel made misrepresentations on June 26 and 27, 2007 and that Alan Buerger sent an article from TheStreet.com on June 22, 2006. Compl. ¶¶ 52-53. New factual allegations contained in the SAC may not be considered on a motion for reconsideration. *See* SAC ¶¶ 71, 73, 74; Opp. at 7. In any event, all of the alleged post-contractual misrepresentations and contractual representations that pertain to § 3.01(a)(vi) of the MPPAs relate to the NYAG Action. Plaintiffs have contractually agreed the NYAG Action does not constitute a breach of the MPPAs. Opp. at 19. Plaintiffs' claim that these allegations nonetheless give rise to fraud is, therefore, not plausible. *See Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (factual allegations must render the claim plausible).

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 9th day of October, 2007, I caused true and correct copies of

the foregoing to be served electronically via the Court's ECF system on the following counsel:

Lawrence S. Robbins, Esq.
Gary A. Orseck, Esq.
Daniel R. Walfish, Esq.
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W.
Washington, DC 20006
(202) 775-4500
(202) 775-4510 (telecopy)
lrobbins@robbinsrussell.com
gorseck@robbinsrussell.com
dwalfish@robbinsrussell.com

Thomas P. Puccio, Esq.
Law Offices of Thomas P. Puccio
230 Park Avenue
New York, NY 10169
(212) 883-6383
(212) 883-6388 (telecopy)
tpuccio@lotpp.com

*Attorneys for Plaintiffs*

_____/s/_____
Rachel R. Shanahan