UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITCHIE CAPITAL MANAGEMENT, L.L.C., RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND), LIMITED, RITCHIE RISK-LINKED STRATEGIES TRADING (IRELAND) II, LIMITED, WALKERS SPV LIMITED, as trustee for Ritchie Risk-Linked Strategies Trust I and Ritchie Life Strategies Master Trust, and RITCHIE RISK-LINKED STRATEGIES TRADING, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>COVENTRY FIRST LLC, THE COVENTRY GROUP, INC., MONTGOMERY CAPITAL, INC., LST I LLC, ALAN BUERGER, CONSTANCE BUERGER, REID S. BUERGER, ANTONIO MUNIZ, ALEX SELDIN, NEAL JACOBS, EILEEN SHOVLIN, and JIM DODARO,<br><br>Defendants. | Civil Action No. 07CV3494 (DLC)(DCF)<br><br>STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/19/07 |

WHEREAS the parties anticipate that that discovery in the above-captioned action (the "Action") will involve the production of privileged, confidential, personal, private, sensitive, commercial, financial or business information and the parties have stipulated to the issuance of the following Protective Order ("Order") limiting the disclosure of such information. Accordingly, the parties to the above-captioned action, by and through their respective attorneys of record, stipulate and agree to the following terms and conditions to safeguard confidential and private information that may be disclosed in the course of this action.

IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with respect to information, documents, electronically stored information, or things produced or otherwise disclosed in this Action.

    1.    Scope.

    (a)    Confidential Information. All documents, information, electronically stored information, testimony, or other things furnished by a party or non-party in conjunction

with this Action that the party or non-party considers in good faith to contain, reflect, or comment upon trade secrets, proprietary, confidential, privileged, private, personal, sensitive, commercial, financial or business information ("Confidential Information") may be designated CONFIDENTIAL and furnished to the parties pursuant to the terms of this Order. The party receiving the Confidential Information shall treat it as proprietary information and shall not use or disclose the information except as set forth in this Order. The provisions of this Order extend to all Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials and tangible things that are produced, made available for inspection, disclosed, or filed in this Action, including any copies, notes, abstracts, or summaries of the foregoing materials.

    (b)    <u>Attorneys Eyes Only Information.</u> All documents and information described in Paragraph 1(a) as Confidential Information that a party or non-party considers in good faith to contain, reflect, or comment upon matters which are highly sensitive, such as documents or information reflecting, containing, or derived from confidential pricing, marketing, medical, customer, product research, or financial information ("Attorneys' Eyes Only Information") may be designated ATTORNEYS' EYES ONLY and furnished to Counsel of Record pursuant to the terms of this Order. The party receiving the Attorneys' Eyes Only Information shall not use or disclose the information except as set forth in this Order. The parties are not required to designate any information as ATTORNEYS' EYES ONLY.

    (c)    <u>Counsel of Record.</u> As used herein, "Counsel of Record" shall mean Williams & Connolly LLP, the Law Offices of Thomas P. Puccio, Robbins, Russell, Englert, Orseck, Untereiner, & Sauber LLP, and their respective partners, associates and staff.

2.    <u>Designation of Confidentiality.</u> Documents or information may be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY within the meaning of this Order in the following ways:

(a) <u>Documents.</u> In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL PURSUANT TO COURT ORDER" [or "ATTORNEYS' EYES ONLY PURSUANT TO COURT ORDER"].

(b) <u>Other Discovery.</u> In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY. The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information or Attorneys' Eyes Only Information: "CONTAINS CONFIDENTIAL INFORMATION" [OR "CONTAINS ATTORNEYS' EYES ONLY INFORMATION"]. Designated parts not to be used, copied or disclosed except as authorized by Court Order."

(c) <u>Depositions.</u> In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information or Attorneys' Eyes Only Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from counsel to the court reporter, with copies to Counsel of Record, within thirty (30) days of receipt of the final deposition transcript or copy thereof. The entire deposition transcript (including exhibits) shall be treated as Attorneys' Eyes Only Information under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. Counsel also may agree to extend the time period for providing such designations. Before the above-referenced thirty-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript: "TREAT AS CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION UNTIL FURTHER DESIGNATION". After

the above-referenced thirty-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Attorneys' Eyes Only Information: "CONTAINS CONFIDENTIAL INFORMATION" [or "CONTAINS ATTORNEYS' EYES ONLY INFORMATION"]. Designated parts not to be used, copied or disclosed except as authorized by Court Order." If all or part of a videotaped deposition is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 2(a) above.

(d) _Electronically Stored Information._ To the extent that matter stored or recorded in the form of electronically stored information (including information, databases or programs stored on computers, discs, networks or tapes) ("Electronically Stored Information") is produced by any party in such form, the producing party may designate such matter as CONFIDENTIAL or ATTORNEYS' EYES ONLY by cover letter referring generally to such matter. Whenever any party to whom Computerized Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above. To the extent that any party or counsel for any party creates, develops or otherwise establishes any Electronically Stored Information, including any database, disc or tape, which contains information designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY, that party and/or its counsel must take all necessary steps to insure that access to that Electronically Stored Information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or Attorneys' Eyes Only Information.

(e) _Information Filed with the Court._ All documents and materials filed with the Court containing or reflecting the contents of Confidential Information or Attorneys' Eyes Only Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the Action, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION" [or "ATTORNEYS' EYES ONLY

4

INFORMATION] -- SUBJECT TO COURT ORDER" and words in substantially the following form:

> This envelope contains documents which are filed in this case by [name of party] and, by order dated [ ], the enclosed [name of document], or a portion thereof, has been filed under seal and may not be examined without further order of the Court.

No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding Judge, law clerks and other Court personnel without further Order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered or (2) within thirty days after the mandate of the last reviewing court which disposes of this Action in its entirety is filed ("the final resolution of this Action"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, then, after notice from the Clerk of Court, the document shall be destroyed by the Clerk. Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information or Attorneys' Eyes Only Information contained or reflected in the document was so designated solely by that party.

    3.    <u>Use of Confidential Information or Attorneys' Eyes Only Information.</u> Confidential Information or Attorneys' Eyes Only Information shall be used by any party, other than the producing party, solely for the purpose of conducting this Action, and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law.

    4.    <u>Disclosure of Confidential Information.</u> Access to information designated CONFIDENTIAL pursuant to this Order shall be limited to:

    (a)    the parties and counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this Action;

(b) outside photocopying, data processing, graphic production, stenographers, or videographers employed by the parties or their counsel to assist in this Action;

(c) any outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this Action;

(d) any party or any director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this action;

(e) any person whose testimony is taken or is to be taken by deposition or at trial in this Action who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this Action, provided disclosing counsel determines in good faith that the disclosure is appropriate to the effective prosecution or defense of the Action;

(f) any person who authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material);

(g) this Court or any other Court exercising jurisdiction with respect to this Action, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Action; and

(h) any other person to whom the party producing the information agrees in writing.

5. <u>Disclosure of Attorneys' Eyes Only Information.</u> Access to information designated ATTORNEYS' EYES ONLY pursuant to this Order shall be limited to:

(a) Counsel of Record (including members and associates of such counsel's firm) for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this Action;

  (b) outside photocopying, data processing, graphic production, stenographers, or videographers employed by the parties or their counsel to assist in this Action;

  (c) any outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this Action;

  (d) any person who authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material);

  (e) this Court or any other Court exercising jurisdiction with respect to this Action, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Action; and

  (f) any other person to whom the party producing the information agrees in writing.

  6. <u>Notification Of Confidentiality Order.</u> Confidential Information and Attorneys' Eyes Only Information shall not be disclosed to persons described in paragraphs 4(b), 4(c), 4(d), 4(e), 5(b) or 5(c) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. However, Confidential Information may be disclosed to non-parties and former employees (this does not include current employees of any party to this Action) pursuant to paragraph 4(e) provided that such persons are provided a copy of this Order, they represent that they have read and understand the provisions of this Order or its summary, and they are advised by the disclosing counsel that such persons are bound by the provisions of this Order. The originals of such Agreements shall be maintained by counsel for the party who obtained them until the final resolution of this Action. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to the counsel for opposing parties within 30 days. This prohibition includes either direct or indirect disclosure, including but not limited to any disclosure by counsel or experts.

7. <u>Objections to Designations.</u>  A party shall not be obligated to object to the propriety of a Confidential Information or Attorneys' Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent objection thereto.  In the event a party objects to the designation under this Order by another party of any material, the objecting party shall consult with the other party to attempt to resolve their differences.  The objecting party shall advise the designating party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it.  Within five business days of receiving the written objection, the designating party shall advise whether the designation will be removed.  The party responding to the objection must have a good faith basis for defending its designation.  If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that the material shall not be so treated, giving notice to the party which has produced the material.  The producing party has the burden of supporting its designation.  If the parties are unable to reach an accord and if no application to the Court is made, the material will remain as designated.  Any information which had been produced and designated CONFIDENTIAL or ATTORNEYS' EYES ONLY , but which is subject to a dispute as to its proper designation, shall be treated in accordance with its putative designation pending resolution of the dispute.

8. <u>Use of Confidential Information or Attorneys' Eyes Only Information at Trial or Hearing.</u>  A party may, subject to the rules of evidence and further Orders of the Court, use any Confidential Information or Attorneys' Eyes Only Information for any purpose at trial or at any hearing before a judicial officer in this Action, provided that reasonable notice (except in unforeseen circumstances, at least 48 hours in advance) is given to counsel for the party who produced the Attorneys' Eyes Only Information, and provided further that such counsel may at the time of such proposed use, and prior to the disclosure of the Attorneys' Eyes Only Information, move for an appropriate protective order.  In requiring reasonable notice of proposed use of Attorneys' Eyes Only Information, this Order does not seek to require a separate notice procedure; rather good faith compliance by any party with this Court's pre-hearing and/or

pretrial requirements to disclose the documents proposed for use at hearing or trial and/or the filing of a pleading from which the intent to use specific confidential information (referenced by bates number or other specific designation) at trial or hearing is made clear shall constitute compliance with this notice requirement. To the extent that the producing party is provided less than forty-eight (48) hours notice of the intent of another party to use Attorneys' Eyes Only Information at trial or hearing, this Court will afford such time as is reasonably necessary for the producing party to confer with the appropriate persons to determine the extent to which a protective order may be necessary and to move for the same.

9. <u>Preservation of Rights and Privileges.</u> Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Attorneys' Eyes Only Information, or of any right which any party may have to assert such privilege at any stage of this Action.

10. <u>Return of Materials.</u> Within thirty (30) days after the final resolution of this Action, all Confidential Information or Attorneys' Eyes Only Information produced by a party, including copies, abstracts, summaries or other information, shall be destroyed or, at the request of the party that produced the information, returned to counsel for that party. As to those materials which contain or reflect Confidential Information or Attorneys' Eyes Only Information, but which constitute or reflect counsel's work product, Counsel of Record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to Protective Order. Counsel shall be entitled to retain pleadings, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Attorneys' Eyes Only Information, so long as such Confidential Information or Attorneys' Eyes Only Information, in accordance with the provisions of this Order, are clearly marked to

reflect that they contain information subject to Protective Order. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify counsel for the other parties when compliance is complete.

    11.    <u>Inadvertent or Unintentional Disclosure.</u> The inadvertent or unintentional disclosure by the producing party of Confidential Information or Attorneys' Eyes Only Information, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work product doctrine (an "Inadvertently Produced Privileged Document"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, Attorneys' Eyes Only Information or an Inadvertently Produced Privileged Document, the producing party shall within ten days designate such information as Confidential, Attorneys' Eyes Only or assert a claim of privilege. Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information as Confidential or Attorneys' Eyes Only pursuant to the procedures contained in paragraph 7.

    12.    <u>No Admissions.</u> A party's compliance with the terms of this Order shall not operate as an admission regarding the confidentiality, admissibility, or privileged nature of any particular document or information.

    13.    <u>Notice.</u> Any party or person in possession of Confidential Information or Attorneys' Eyes Only Information or an Inadvertently Produced Privileged Document with respect to which the producing party has asserted a claim of privilege in accordance with paragraph 11 who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Attorneys' Eyes Only Information or an Inadvertently Produced Privileged Document, shall promptly give written notice by facsimile to

counsel for the party who produced or designated the materials as confidential or privileged identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information or Attorneys' Eyes Only Information or an Inadvertently Produced Privileged Document that such Information is either confidential or privileged, subject to Protective Order and may not be disclosed without the consent of the party that produced the Confidential Information, Attorneys' Eyes Only Information or designated the document as privileged, or court order. The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction.

14. <u>Non-Parties.</u> This Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this Action, unless the non-party waives the protection of this Protective Order. This Protective Order shall also apply to non-parties who are afforded access to documents or information produced during discovery in this Action, whether by deposition, production of documents or otherwise.

15. <u>Local Rules.</u> In the event of any conflict between § 2(f) of this Order and any applicable Local Rule, this Order, as executed by the Court, shall apply.

16. <u>Continuing Jurisdiction.</u> Upon the final resolution of this Action, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this Action.

17. <u>Violation.</u> Any party to this action may file a motion requesting the Court to sanction or hold in contempt of Court anyone who violates the terms of this order.

18. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written request.

SUBJECT TO FURTHER MODIFICATION BY THE COURT, IT IS SO ORDERED.

Dated: _____  

_____  
Hon. Denise L. Cote  
United States District Court Judge

SO STIPULATED

LAW OFFICES OF THOMAS P. PUCCIO  
Thomas P. Puccio (TPP-8403)  
230 Park Avenue  
New York, NY 10169  
Tel: (212) 883-6383  
Fax: (212) 883-6388

ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

By: _____  
Alison C. Barnes (per with permission)  
Lawrence S. Robbins  
Gary A. Orseck  
Daniel R. Walfish  
Rachel S. Li Wai Suen

1801 K Street, N.W., Suite 411L  
Washington, D.C. 20006  
(202) 775-4500

*Counsel for Plaintiffs Ritchie Capital Management LLC, Ritchie Risk-Linked Strategies Trading (Ireland), Limited, Ritchie Risk-Linked Strategies Trading (Ireland) II, Limited, Walkers SPV Limited, and Ritchie Risk-Linked Strategies Trading, Ltd.*

WILLIAMS & CONNOLLY LLP

By: _____  
Rachel Shanahan Rodman  
Dane H. Butswinkas  
Robert H. Cary  
David A. Forkner  
Kenneth J. Brown  
Katherine G. Lindsey  
Thomas P. Windom

725 Twelfth Street, N.W.  
Washington, D.C. 20005  
(202) 434-5000

*Counsel for Defendants Coventry First LLC, The Coventry Group, Inc., Montgomery Capital, Inc., LST I LLC, Alan Buerger, Constance Buerger, Reid S. Buerger, Antonio Muniz, Alex Seldin, Neal Jacobs, Eileen Shovlin, and Jim Dodaro*

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does **NOT** so order ¶s 2 & 8, which purports to authorize the parties to file documents under seal without a prior court order.

/s/ Denise Cote  
November 19, 2007