Alexandra A.E. Shapiro
Direct Dial: 212-906-1670
alexandra.shapiro@lw.com

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

May 21, 2008

RECEIVED MAY 22 2008 CHAMBERS OF DENISE COTE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/08

**BY HAND**

Honorable Denise L. Cote
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:   Ritchie Capital Management L.L.C., et al. v. Coventry First, et al.,
      No. 07 Civ. 3494 (DLC)

Dear Judge Cote:

We were retained earlier this month to represent Plaintiffs Ritchie Capital Management L.L.C., Ritchie Risk-Linked Strategies Trading, Ltd., and Walkers SPV, Limited, in its capacity as trustee of Ritchie Risk-Linked Life Strategies Trust I and Ritchie Life Strategies Master Trust, in connection with their appeal of this Court's orders of July 17, 2007 (dismissing all claims by these plaintiffs) and February 29, 2008 (denying motion for reconsideration). Stanley Bass, Staff Counsel for the Second Circuit, has advised us that the appeal presents a "serious question of finality/appellate jurisdiction." (E-mail dated May 20, 2008, attached hereto.) Accordingly, based on his suggestion, we request a conference with this Court to obtain its guidance as to potential alternatives that would enable this case to proceed to final judgment and avoid unnecessary jurisdictional motion practice before the Court of Appeals.

Thomas Puccio, Esq. has advised me that he concurs in this request on behalf of the remaining Plaintiffs. In addition, Defendants' counsel, David Forkner, Esq., advised me that he has no objection to the proposed conference.

Respectfully submitted,

*/s/*

James E. Brandt
Alexandra A.E. Shapiro

cc:   Thomas Puccio, Esq.
      David Forkner, Esq.

*A conference is unnecessary. This Court is unlikely to find that a Rule 54(b) certificate should issue. Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126, 129 (2d Cir. 2000) (per curiam).*

*/s/ Denise Cote*
*June 2, 2008*

**Shapiro, Alexandra (NY)**

**From:** Stanley_Bass@ca2.uscourts.gov
**Sent:** Tuesday, May 20, 2008 1:30 PM
**To:** Shapiro, Alexandra (NY); tpuccio@lotpp.com; dforkner@wc.com
**Subject:** Ritchie Capital v. Coventry, 08-1583-cv(L), 08-1584-cv(con)


To: Alexandra A.E. Shapiro, Esq.
    Thomas P. Puccio, Esq.
    David A. Forkner, Esq.

Dear Counsel:

   A serious question of finality/appellate jurisdiction has arisen herein. Under the District Court's July 17, 2007 decision, plaintiffs' claims were dismissed, with leave to amend as to breach of contract claim and RICO. On March 17, 2008, certain plaintiffs filed Notice of Dismissal of their remaining claims *without prejudice*. Under Second Circuit precedent, Chappelle v. Beacon, 84 F. 3d 652 (2d Cir. 1996), it appears that those plaintiffs need a FRCP 54(b) certification in order to appeal from the July 17, 2008 dismissal ruling.

   A closer question is presented with respect to other plaintiffs who had no other claims, like breach of contract, to non-suit. Read literally, FCRP 54(b) provides, in effect, that nothing in a multi-party, multi-claim case is final until everything is final, absent certification. But, there is no Second Circuit precedent directly on point. Of course, the grant of 54(b) certification encompassing all plaintiffs' claims would render the issue academic.

   Perhaps an informal conference with the District Court to ascertain its willingness to grant 54(b) certification might prove useful. No obstacle is posed by administrative closing of the case. See, LeBoeuf, Lamb v. Worsham, 185 F. 3d 61,63 (2d Cir. 1999) (stating that a District Court's statement "this case is closed, and the court directs the Clerk of the Court to remove it from the active docket" did not render a non-final judgment final), see also, Filanto v. Chilewich, 984 F. 2d 58, 61 (2d Cir. 1993), which stated:

> We see no jurisdictional significance to the docket entry marking
> the case as "closed", which we will assume was made for admin-
> istrative or statistical convenience.

Accord, U.S.A. v. 27.09 Acres of Land, 1 F. 3d 107 (2d Cir. 1993)(Minute order closing case administratively does not achieve finality).

   If the District Court were to indicate its willingness to grant 54(b) certification, compare, Toliver v. County of Sullivan, 57 F. 2d 47 (2d Cir. 1992), the appellants' counsel could then confidently sign a stipulation withdrawing premature appeal, which when "so ordered" and filed, would effectively return the matter to the District Court to enable it to enter the 54(b) certification. That would gratefully spare the burden upon the judges of the Court of Appeals, as well as counsel, of jurisdictional motion practice.


5/21/2008