```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
RITCHIE CAPITAL MANAGEMENT, L.L.C.,     :
RITCHIE RISK-LINKED STRATEGIES TRADING  :
(IRELAND), LIMITED, RITCHIE RISK-LINKED :
STRATEGIES TRADING (IRELAND) II,        :
LIMITED, WALKERS SPV LIMITED, as        :
trustee for Ritchie Risk-Linked Life    :
Strategies Trust I and Ritchie Life     :          07cv3494 (DLC)
Strategies Master Trust, and RITCHIE    :
RISK-LINKED STRATEGIES TRADING, LTD.,   :          OPINION & ORDER
                        Plaintiffs,     :
                                        :
            -v-                         :
                                        :
COVENTRY FIRST LLC, THE COVENTRY GROUP, :
INC., MONTGOMERY CAPITAL, INC., LST I   :
LLC, ALAN BUERGER, CONSTANCE BUERGER,   :
REID S. BUERGER, ANTONIO MUNIZ, ALEX    :
SELDIN, NEAL JACOBS, EILEEN SHOVLIN,    :
and JIM DODARO,                         :
                        Defendants.     :
                                        :
----------------------------------------X
```

APPEARANCES:

For Plaintiffs:
Alexandra A.E. Shapiro
Eric S. Olney
Fabien Thayamballi
Shapiro Arato LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110

For Defendants:
Kenneth J. Brown
David A. Forkner
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

DENISE COTE, District Judge:

The plaintiffs filed a motion under Fed. R. Civ. P. 60(b)(6) to vacate their own Rule 41(a)(1)(A)(i) voluntary dismissal of an action without prejudice, and for a Fed. R. Civ. P. 54(b) certification of a partial final judgment for the claims the Court dismissed prior to the plaintiffs' voluntary dismissal of the action.  Because the plaintiffs fail to meet the rigorous standards for relief under Rule 60(b), their motion is denied.  Accordingly, their motion for a Rule 54(b) certification is denied for mootness.

<u>**BACKGROUND**</u>

General familiarity with the facts of this case is presumed, and are therefore summarized here only briefly.  This action arises out of a contract dispute between two sophisticated players in the life settlements industry, a secondary market for life insurance policies.  The four corporate defendants (referred to collectively as "Coventry") purchase life insurance policies and either hold them, paying the applicable premiums and eventually collecting the death benefits, or sell them to third parties.  Plaintiff Ritchie Capital Management, L.L.C., through its special purpose vehicles, purchased some of these policies from Coventry.  The plaintiffs allege that the defendants conspired with each other to defraud the insureds through acquiring policies in a rigged

bidding process, and to induce institutional investors like Ritchie Capital to acquire the policies. The plaintiffs further allege that the defendants concealed fraudulent conduct, as well as an investigation into that conduct by the Attorney General of the State of New York.

The original complaint, filed on May 7, 2007, contained seven causes of action: three RICO claims pleaded against all of the defendants; a fraud claim and a fraudulent inducement claim pleaded against Coventry and certain individual defendants; and breach of fiduciary duty and breach of contract claims pleaded against Coventry (the "RICO Action"). By Opinion dated July 17, 2007, the Court dismissed all of the plaintiffs' claims without prejudice and sua sponte granted leave to amend the breach of contract claim and certain of the RICO claims. See Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC, No. 07cv3494 (DLC), 2007 WL 2044656 (S.D.N.Y. July 17, 2007) (the "2007 Opinion").

The plaintiffs thereafter amended their complaint and simultaneously moved for reconsideration of the Court's 2007 Opinion. By Opinion dated February 29, 2008, the Court denied the plaintiffs' motion for reconsideration, and granted the defendants' motion to dismiss the RICO claims. See Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC, No. 07cv3494 (DLC), 2008 WL 542596 (S.D.N.Y. Feb. 29, 2008) (the "2008 Opinion").

The only claim to survive the successive motions to dismiss was the breach of contract claim.

On March 17, 2008, the plaintiffs voluntarily dismissed the entire RICO Action without prejudice pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P.  On April 1, 2008, the plaintiffs filed notices of appeal, seeking review of the 2007 and 2008 Opinions.  On May 20, 2008, staff counsel for the Second Circuit advised the plaintiffs via electronic mail that their appeal presented a "serious question of finality/appellate jurisdiction."  Specifically, the email explained that (emphasis supplied):

> [u]nder the District Court's July 17, 2007 decision, plaintiffs' claims were dismissed, with leave to amend as to breach of contract claim and RICO.  On March 17, 2008, certain plaintiffs filed Notice of Dismissal of their remaining claims without prejudice.  Under Second Circuit precedent, Chappelle v. Beacon, 84 F.3d 652 (2d Cir. 1996), it appears that those plaintiffs need a FRCP 54(b) certification in order to appeal from the [March] 17, 2008 dismissal ruling. . . . Read literally, FCRP [sic] 54(b) provides, in effect, that nothing in a multi-party, multi-claim case is final until everything is final, absent certification.

Accordingly, the plaintiffs were informed as early as May 2008 that their dismissal without prejudice was not a final judgment for purposes of appeal.

In response to staff counsel's email, the plaintiffs requested a conference with the Court to "obtain its guidance as to potential alternatives that would enable

4

this case to proceed to final judgment . . . ."  The Court

denied the plaintiffs' request on June 2, 2008.  Citing

Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126

(2d Cir. 2000) (per curiam),[1] the Court explained that a

conference was unnecessary as it was unlikely to find that

a Rule 54(b) certification should issue.  Thereafter, on

July 10, 2008, two stipulations executed by the parties

withdrawing the plaintiffs' "apparently premature appeal"

were filed in the Court of Appeals.  In so doing, the

plaintiffs explicitly acknowledged that the appeal was

"premature because appellants' claim for breach of contract

is still pending in District Court, i.e., said claim was

non-suited without prejudice . . . and no certification

was granted under FRCP 54(b)."  The stipulations further

provided that the plaintiffs retain the "right to raise, in

such subsequent appeal from a final judgment, the issues

sought to be raised in this appeal."

     Roughly six months later, on February 6, 2009, two of

the five plaintiffs filed a new action against four of the

twelve defendants, alleging only a breach-of-contract claim

_____

[1] Citizens Accord holds in relevant part: "The power [to grant a
Rule 54(b) certification] should be used only in the infrequent
harsh case, where there exists some danger of hardship or
injustice through delay which would be alleviated by immediate
appeal."  Citizens Accord, 235 F.3d at 129 (citation omitted).

(the "Contract Action").[2]   The new complaint did not

reassert the RICO or tort claims brought in the RICO

Action.   Following a bench trial, the district court

rejected the breach-of-contract claim in its entirety and

dismissed the complaint on the merits with prejudice.

Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v.

Coventry First LLC, No. 09cv1086 (JSR), 2014 WL 5420926

(S.D.N.Y. Oct. 20, 2014).   Reconsideration was denied in

September 2015.   Ritchie Risk-Linked Strategies Trading

(Ireland), Ltd. v. Coventry First LLC, No. 09cv1086 (JSR),

2015 WL 5581817 (S.D.N.Y. Sept. 10, 2015).

On October 9, 2015, the plaintiffs from the 2007 RICO

Action and the 2009 Contract Action filed separate notices

of appeal.   The plaintiffs in both cases moved to

consolidate the appeals.   The defendants moved to dismiss

the appeal from the 2007 RICO Action for lack of appellate

jurisdiction.   On December 4, 2015, the Second Circuit

denied the plaintiffs' motion to consolidate and dismissed

---

[2] The Contract Action was assigned to this Court.  Following the
close of fact discovery, on April 2, 2010, the plaintiffs moved
to disqualify this Court on the ground that they wanted to
obtain testimony from two attorneys at the law firm of O'Melveny
& Myers LLP.  This Court recused itself from the Contract Action
pursuant to 28 U.S.C. § 455 on April 8, 2010.  The case was then
reassigned to the Honorable Victor Marrero on April 9, 2010, and
reassigned once again to the Honorable Jed S. Rakoff on August
6, 2013.  The ground for recusal asserted in the Contract Action
in 2010 no longer exists.

the appeal in the 2007 RICO Action for lack of appellate
jurisdiction.  Citing Chappelle v. Beacon Communications
Corp., 84 F.3d 652, 654 (2d Cir. 1996), for a second time,
the Second Circuit explained that "[o]ur precedent
generally 'preclude[s] an appeal from a dismissal of some
of a plaintiff's claims when the balance of his claims have
been dismissed without prejudice pursuant to a Rule 41(a)
dismissal of the action.'"  The plaintiffs' motion for
reconsideration of the December 2015 Order was denied on
July 8, 2016, and the mandate issued on July 15, 2016.  The
Court of Appeals permitted the appeal in the Contract
Action to "proceed in due course."

On August 2, 2016, the plaintiffs filed the present
motion within the RICO Action to vacate their voluntary
dismissal in 2008 under Rule 60(b) and for entry of partial
judgment under Rule 54(b).  The plaintiffs' motion became
fully submitted on September 1.

## DISCUSSION

The plaintiffs' motion to vacate their 2008 voluntary
dismissal of the RICO Action is brought pursuant to Rule
60(b)(6).  Under Fed. R. Civ. P. 60(b), a court:

> may relieve a party or its legal representative from a
> final judgment, order, or proceeding for the following
> reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence . . .

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b) motions must generally be made "within a reasonable time," but motions made under paragraphs (1), (2), and (3) must be made within one year after the entry of the judgment, order, or date of the proceeding.  See Fed. R. Civ. P. 60(c).

Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances." Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).  It is intended to "strike[] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  Accordingly, while it should be "broadly construed to do substantial justice, . . . final judgments should not be lightly reopened." Id. (citation omitted).

Courts generally require that the evidence in support of the Rule 60(b) motion be "highly convincing, that a party show good cause for the failure to act sooner, and that no undue

hardship be imposed on other parties." <u>Kotlicky v. U.S. Fid. &</u>
<u>Guar. Co.</u>, 817 F.2d 6, 9 (2d Cir. 1987) (citation omitted).
"The burden of proof is on the party seeking relief from
judgment." <u>United States v. Int'l Bhd. of Teamsters</u>, 247 F.3d
370, 391 (2d Cir. 2001).

## I. Rule 60(b)(1)

The plaintiffs claim that none of the grounds enumerated in
Rules 60(b)(1)-(5) apply to this case.  The defendants contend,
however, and this Court agrees, that the plaintiffs' motion may
properly be construed as a Rule 60(b)(1) motion, since the
plaintiffs erred repeatedly.  First, the plaintiffs erred by
filing an appeal after dismissing the entire RICO Action without
prejudice.  If they had wanted to appeal the dismissal of their
RICO claims, they should have either dismissed the breach of
contract claim with prejudice and then filed an appeal, or
litigated to judgment their breach of contract claim before
filing an appeal.  Second, having had their premature appeal
rejected by the Court of Appeals, the plaintiffs erred by not
seeking to file this Rule 60(b) motion to vacate within a year
of their voluntary dismissal of the RICO Action.  As discussed
previously, the RICO Action was voluntarily dismissed in March
2008, and the plaintiffs were advised in May 2008 that their
appeal presented serious questions of finality.  At that point,
the plaintiffs had ten months to file a Rule 60(b) motion to

correct their procedural error.  A timely Rule 60(b) motion was never filed.  Finally, the plaintiffs erred by filing a new action with just the breach-of-contract claim.[3]  Accordingly, the plaintiffs' motion is first analyzed under Rule 60(b)(1), and is denied as untimely.

"Relief from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect."  Nemaizer, 793 F.2d at 62. It is well-settled, however, that a client will not be relieved of the burdens of a final judgment entered against him "due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court . . . ."  Id.  Moreover, "an attorney's failure to evaluate carefully

---

[3] The plaintiffs argue that it was not a "mistake" to omit the non-contract claims from the 2009 Contract Action.  Instead, the plaintiffs argue that they were "prohibited from reasserting the tort claims in the 2009 action" because a voluntary dismissal does not nullify the preclusive effect of the Court's dismissal with prejudice of the tort claims in the RICO Action.  The plaintiffs are incorrect about the effect of a voluntary dismissal, though.  "A voluntary dismissal without prejudice vitiates and annuls all prior proceedings and orders in the case, and terminates jurisdiction over it for the reason that the case has become moot."  U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc., 775 F.3d 128, 134 (2d Cir. 2014) (citation omitted); see also PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983) (noting that had a judgment been denominated "without prejudice" rather than "with prejudice," the plaintiff could legitimately have reasserted its allegations in another jurisdiction); Rinieri v. News Syndicate Co., 385 F.2d 818, 821 (2d Cir. 1967) ("[A] dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to res judicata principles . . . .").

the legal consequences of a chosen course of action provides no basis for relief from a judgment." Id. This is because "an attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary." Id. at 62-63 (citing Ackermann v. United States, 340 U.S. 193, 197-98 (1950)). Put simply, "a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." Id. at 62. "To rule otherwise would empty the finality of judgments rule of meaning." Id. at 63.

Ritchie's motion, analyzed under Rule 60(b)(1), is time-barred. See Fed. R. Civ. P. 60(c)(1) (providing that a motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding"). This one-year limitations period is "absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (citation omitted). The plaintiffs filed their notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) on March 17, 2008, and the Court so ordered the dismissal the same day. Over eight years have elapsed since the order was entered. As such, the plaintiffs' Rule 60(b)(1) motion is denied as untimely.

## II. Rule 60(b)(6)

In an attempt to circumvent the one-year bar, Ritchie casts its Rule 60(b)(1) as a motion under Rule 60(b)(6), which need only be filed "within a reasonable time." See Fed. R. Civ. P. 60(c). But even if it was not a "mistake" within the scope of Rule 60(b)(1) to dismiss the RICO Action without prejudice and omit the non-contract claims from the Contract Action, the plaintiffs' motion would still be denied under the exacting standards of Rule 60(b)(6). Moreover, the plaintiffs' Rule 60(b)(6) motion was not filed "within a reasonable time" as required by Rule 60(c)(1).

Rule 60(b)(6) states that relief may be granted for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). While it represents a "grand reservoir of equitable power to do justice in a particular case . . . that reservoir is not bottomless." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted). Accordingly, it is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Nemaizer, 793 F.2d at 63 (citation omitted); see also Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2d Cir. 1967) (referring to the scope of Rule 60(b)(6) as

"extremely meagre").  Moreover, to demonstrate extraordinary circumstances, the moving party must show that it was "faultless in the delay."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993).

Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter."  Stevens, 676 F.3d at 67 (citation omitted).  Thus, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed."  Id.

Ignorance of the law or the failure to appreciate the consequences of the rules governing dismissals is "an insufficient basis for relief from a judgment pursuant to Rule 60[(b)(6)]."  PRC Harris, 700 F.2d at 897 (denying Rule 60(b)(6) relief where a party failed to understand that, unless specifically stated otherwise, a dismissal for failure to comply with the statute of limitations operates as an adjudication on the merits under Rule 41(b)).  Indeed, "to be extraordinary circumstances for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance . . . or constructive disappearance."  Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004)

13

(citation omitted); cf. United States v. Erdoss, 440 F.2d 1221, 1223 (2d Cir. 1971) ("Generally a party who makes an informed choice will not be relieved of the consequences when it subsequently develops that the choice was unfortunate." (citation omitted)).

Here, the plaintiffs voluntarily dismissed the entire RICO Action before appealing the Court's 2007 and 2008 Opinions. Once this Court expressed its reluctance to grant Rule 54(b) certification, the plaintiffs had two options to obtain a final judgment on the non-contract claims.  First, they could have refiled all of their claims in a new action.  See Fed. R. Civ. P. 41(a)(1)(B); see also Rinieri, 385 F.2d at 821 ("[A] dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to res judicata principles . . . .").  Alternatively, they could have filed a motion under Rule 60(b)(1) to vacate their voluntary dismissal, thereby enabling the plaintiffs to conclude their prosecution of the contract claim and the Court to enter a final judgment on all claims.  That the plaintiffs did not choose either of these two options, thereby forfeiting an appeal of the decisions dismissing the non-contract claims, does not rise to the level of "extraordinary circumstances" or "extreme and undue hardship" justifying relief under Rule 60(b)(6).  Just as "ignorance of the law or other rules of the court" does not

14

constitute a basis for relief under Rule 60(b)(1), see <u>Nemaizer</u>, 793 F.2d at 62, failure to understand the consequences of a voluntary dismissal without prejudice does not justify relief under the more rigorous standards of Rule 60(b)(6).

Even if the plaintiffs' procedural missteps -- which resulted in a loss of the opportunity to appeal the dismissal of the non-contract claims -- constituted an "extraordinary circumstance" for purposes of Rule 60(b)(6), the plaintiffs' motion would nevertheless be denied as untimely.  In considering whether a Rule 60(b)(6) motion is timely, courts "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay."  <u>PRC Harris</u>, 700 F.2d at 897.  Here, the plaintiffs were advised as early as May 2008 that an appeal cannot lie "from a dismissal of some of a plaintiff's claims when the balance of his claims have been dismissed without prejudice pursuant to a Rule 41(a) dismissal of the action."  <u>Chappelle</u>, 84 F.3d at 654.  They acknowledged as much in their July 2008 stipulation withdrawing their appeals.

The plaintiffs contend that they were not aware that a judgment resolving the contract claims was insufficient to conclude the litigation until the Second Circuit's dismissal of its most recent appeals.  But it has long been the case that a voluntary dismissal without prejudice "leaves the situation so

far as procedures therein are concerned the same as though the suit had never been brought, thus vitiating and annulling all prior proceedings and orders in the case." <u>Oneida Indian Nation of N.Y. State v. Oneida Cnty.</u>, 622 F.2d 624, 629 n.7 (2d Cir. 1980) (citing <u>A.B. Dick Co. v. Marr</u>, 197 F.2d 498, 502 (2d Cir. 1952)).  The plaintiffs have failed to demonstrate that they were "faultless in the delay," <u>Pioneer Inv. Servs. Co.</u>, 507 U.S. at 393, and therefore their motion under Rule 60(b)(6) is denied as both meritless and untimely.

## III. Rule 54(b)

Because the plaintiffs' Rule 60(b) motion to vacate the voluntary dismissal is denied, this Court does not have jurisdiction over the action and therefore cannot grant a Rule 54(b) certification for the previously dismissed non-contract claims.  <u>See</u> <u>U.S. D.I.D. Corp.</u>, 775 F.3d at 134 ("A voluntary dismissal without prejudice . . . terminates jurisdiction over [the case] for the reason that the case has become moot." (citation omitted)).

## CONCLUSION

The plaintiffs have failed to demonstrate that they are entitled to relief under any provision of Rule 60(b).  For that reason, the plaintiffs' August 2, 2016 Rule 60(b) motion to vacate their voluntary dismissal is denied, and their motion for Rule 54(b) certification is denied for mootness.

Dated:    New York, New York
          November 28, 2016

                              _____
                                   DENISE COTE
                         United States District Judge